IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:14CR04–HEH
)
CARLOS McCLAMMY, )
)
    Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Carlos McClammy, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 33).[1] McClammy contends that the Court committed several errors in conjunction with his criminal proceedings. Specifically, McClammy demands relief because:

| | |
|---|---|
| Claim One: | "The Court violated the Double Jeopardy Clause of the Fifth Amendment by improperly predicating multiple [18 U.S.C.] § 924(c) counts on the single conspiracy." (*Id.* at 5.) |
| Claim Two: | "The Court violated the Sixth Amendment right under *Alleyne* [*v. United States*, 133 S. Ct. 2151 (2013)]/*Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)]." (*Id.* at 6.) |
| Claim Three: | "The Court illegally imposed sentences for aiding and abetting bank robbery." (*Id.* at 8.) |

---

[1] The Court employs the pagination assigned to McClammy's submissions by the CM/ECF docketing system. The Court corrects the capitalization in quotations from McClammy's submissions.

The Government has responded, asserting that McClammy's claims are procedurally defaulted and, in the alternative, lack merit. (ECF No. 36.) McClammy has filed a Reply. (ECF No. 38.)

McClammy has also filed a Motion to Amend and Supplement the Record Pursuant to F.R.C.P. Rule 15(c) ("Pro Se Motion to Amend," ECF No. 43). Moreover, McClammy, by counsel, has filed a Motion for Leave to File Amended Motion to Vacate Conviction Under 28 U.S.C. § 2255 ("Motion to Amend," ECF No. 42), and a Motion for Leave to File Statement of Movant in Support of Amended Motion to Vacate Conviction Under 28 U.S.C. § 2255 ("Motion for Leave to File," ECF No. 44). The Government has filed a Motion to Dismiss (ECF No. 45) that addresses McClammy's Motions to Amend. For the reasons set forth below, McClammy's § 2255 Motion (ECF No. 33) will be denied. The Court will take the remaining Motions under advisement.

## I. PROCEDURAL HISTORY

On October 16, 2013, a Criminal Complaint was filed, charging McClammy with one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of brandishing a firearm during the commission of a felony, in violation of 18 U.S.C. § 924(c). (Criminal Complaint 1, ECF No. 1.) On January 16, 2014, the Government filed a Criminal Information, charging McClammy with one count of conspiracy to obstruct, delay, and affect commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count One); aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count Two); aiding and abetting the brandishing a firearm in furtherance of a crime of

2

violence, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three); and aiding and abetting the discharge of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Four). (Criminal Information 1–5, ECF No. 14.)

On January 28, 2014, McClammy entered into a Plea Agreement in which he agreed to plead guilty to the four charges contained in the Criminal Information. (Plea Agreement ¶ 1, ECF No. 18.) On May 1, 2014, the Court entered judgment against McClammy and sentenced him to 432 months of incarceration. (J. 2, ECF No. 27.) Specifically, the Court sentenced McClammy to twelve months on each of Counts One and Two, to be served concurrently; 300 months on Count Three, to be served consecutively; and 120 months on Count Four, to be served consecutively. (*Id.*) McClammy did not appeal.

## II. McCLAMMY'S CLAIMS ARE BARRED FROM REVIEW

The procedural default rule bars McClammy's claims from review here, absent a showing of cause and prejudice or actual innocence, because McClammy could have raised, but did not raise, these claims on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *see also United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009) (internal quotation marks omitted) (citation omitted) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that *could have* been raised on appeal."). McClammy has provided the Court with no argument to support a

showing of cause and prejudice or actual innocence. Accordingly, McClammy's claims will be dismissed.

### III. OUTSTANDING MOTIONS

In his Motion to Amend and Pro Se Motion to Amend, McClammy seeks leave to assert a claim that his "conviction under 18 U.S.C. § 924(c) in Count Four must be vacated in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015)." (Mot. Amend 1; *see also* Pro Se Mot. Amend 1–3.) In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. McClammy now contends that after *Johnson*, the offense of Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3). (ECF No. 42–1, at 2–3.) Although McClammy was not sentenced pursuant to the Armed Career Criminal Act, he asserts that "[t]he § 924(c) residual clause is materially indistinguishable from the Armed Career Criminal Act (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as unconstitutionally vague." (*Id.* at 2.) The Government has filed a Motion to Dismiss, arguing that McClammy's *Johnson* claim is premature. (ECF No. 45.) The Court will take these various motions under advisement.

### IV. CONCLUSION

For the foregoing reasons, McClammy's § 2255 Motion (ECF No. 33) will be denied. The Court will take McClammy's Motion to Amend (ECF No. 42), Pro Se

Motion to Amend (ECF No. 43), Motion for Leave to File (ECF No. 44), and the Government's Motion to Dismiss (ECF No. 45) under advisement.

An appropriate Order shall issue.

                                            /s/
                                  HENRY E. HUDSON
                                  UNITED STATES DISTRICT JUDGE

Date: Sept. 16, 2016
Richmond, Virginia