IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 3:14CR04–HEH |
| | ) | |
| CARLOS McCLAMMY, | ) | |
| | ) | |
| Petitioner. | ) | |

# MEMORANDUM OPINION
(Denying Motions to Amend and Granting Motion to Dismiss)

Carlos McClammy, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 33).[1] By Memorandum Opinion and Order entered on September 16, 2016, the Court denied McClammy's § 2255 Motion, dismissed Claims One, Two, and Three contained therein, and took several motions under advisement. (ECF Nos. 48, 49.) No final order has been entered in the action.

Before the Court now are McClammy's *pro se* Motion to Amend and Supplement the Record Pursuant to Fed. R. Civ. P. Rule 15(c) ("Pro se Motion to Amend," ECF No. 43), and two motions filed by counsel on his behalf: a Motion for Leave to File Amended Motion to Vacate Conviction Under 28 U.S.C. § 2255 ("Motion to Amend," ECF No. 42), and a Motion for Leave to File Statement of Movant in Support of Amended Motion to Vacate Conviction Under 28 U.S.C. § 2255 ("Motion for Leave to

---

[1] The Court employs the pagination assigned to McClammy's submissions by the CM/ECF docketing system. The Court corrects the capitalization in the quotations from McClammy's submissions.

File," ECF No. 44). The Government has filed a Motion to Dismiss (ECF No. 45) that addresses McClammy's motions. For the reasons set forth below, McClammy's various motions will be denied as futile. The Government's Motion to Dismiss will be granted.

## I. PROCEDURAL HISTORY

On October 16, 2013, a Criminal Complaint was filed, charging McClammy with one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of brandishing a firearm during the commission of a felony, in violation of 18 U.S.C. § 924(c). (Criminal Complaint 1, ECF No. 1.) On January 16, 2014, the Government filed a Criminal Information, charging McClammy with one count of conspiracy to obstruct, delay, and affect commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count One); aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count Two); aiding and abetting the brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three); and aiding and abetting the discharge of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Four). (Criminal Information 1–5, ECF No. 14.)[2]

On January 28, 2014, McClammy entered into a Plea Agreement in which he agreed to plead guilty to the four charges contained in the Criminal Information. (Plea Agreement ¶ 1, ECF No. 18.) On May 1, 2014, the Court entered judgment against McClammy and sentenced him to 432 months of incarceration. (J. 2, ECF No. 27.) Specifically, the Court sentenced McClammy to twelve months on each of Counts One

---

[2] A slight discrepancy exists between the caption and the description of the offense in the body of the Criminal Information. The Court utilizes the description of the offense as listed under each count in the body of the offense.

and Two, to be served concurrently; 300 months on Count Three, to be served consecutively; and 120 months on Count Four, to be served consecutively. (*Id.*) McClammy did not appeal.

## II. MOTIONS TO AMEND

In his Motion to Amend and Pro Se Motion to Amend, McClammy seeks leave to assert a claim that his "conviction under 18 U.S.C. § 924(c) in Count Four must be vacated in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015)." (Mot. Amend 1; *see also* Pro Se Mot. Amend 1–3.) In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. McClammy now contends that after *Johnson*, the offense of Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Count Four must be vacated. (ECF No. 42–1, at 2–3.) Although McClammy was not sentenced pursuant to the Armed Career Criminal Act, he asserts that "[t]he § 924(c) residual clause is materially indistinguishable from the Armed Career Criminal Act (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as unconstitutionally vague." (*Id.* at 2.) As discussed below, McClammy's motions to amend will be denied as futile.

### A. Rule 15

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading is served, a party seeking to amend the original pleading must seek either written consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2).

3

"[L]eave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted). The Court appropriately denies as futile leave to amend when the statute of limitations bars the new claim. *See Ingram v. Buckingham Corr. Ctr.*, No. 3:09CV831, 2011 WL 1792460, at *1 (E.D. Va. May 5, 2011).

McClammy relies on cases such as *United States v. Edmundson*, 153 F. Supp. 3d 857, 859–64 (D. Md. 2015), to argue that conspiracy to commit Hobbs Act robbery fails to qualify as a predicate "crime of violence" offense to support a sentence enhancement under 18 U.S.C. § 924(c).[3] In essence, the Government opposes the motions to amend on the ground that it would be futile to permit McClammy to amend because he raises a new claim for relief that is barred by the statute of limitations. McClammy responds that his new claim is timely filed under 18 U.S.C. § 2255(f)(3) and amendment should be permitted. As discussed below, the Court will deny the various motions to amend because the new *Johnson* claim asserted is barred by the statute of limitations and is therefore futile.

B.   **Statute of Limitations**

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

---

[3] That court held that conspiracy to commit Hobbs Act robbery failed to qualify as crime of violence under the force clause of § 924(c) and that Johnson invalidated the residual clause of § 924(c). *Edmundson*, 153 F. Supp. 3d at 861.

4

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Court entered judgment on May 1, 2014. (ECF No. 27.) Because McClammy did not appeal, his conviction became final on the last day on which to note an appeal, Thursday, May 15, 2014. *See* 28 U.S.C. § 2255(f)(1); *United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). McClammy then had one year, or until Friday, May 15, 2015, to file a motion pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f).

On May 4, 2015, McClammy filed his § 2255 Motion within the statute of limitations. Counsel filed McClammy's Motion to Amend on June 25, 2016 and McClammy filed his Pro se Motion to Amend on June 27, 2016, more than two years after his conviction became final. (ECF Nos. 42, 43.) Because McClammy failed to file his motions to amend within the one-year limit, the statute of limitations bars the

proposed amended claim unless McClammy demonstrates entitlement to a belated commencement of the limitations period under 28 U.S.C. § 2255(f)(2)–(4), entitlement to equitable tolling, *see United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)), or that the new claim relates back to the claim in his § 2255 Motion, *see Pittman*, 209 F.3d at 317.

## C. Newly Recognized Right

Section 2255(f)(3) provides that a petitioner may bring a claim within a year of the date of which the right asserted was initially recognized by the Supreme Court. "[T]o obtain the benefit of the limitations period stated in § 2255(f)(3), [McClammy] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been ... made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (alteration in original).

The "right" asserted here is the right recognized in *Johnson*. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. 2563.[4] The *Johnson* Court concluded that the way the residual

---

[4] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another." *Id.* at 2557–58. Subsequently, in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that "*Johnson* announced a substantive rule of law that has retroactive effect in cases on collateral review." *Id.* at 1268.[5]

McClammy asserts that his sentence is unlawful in light of *Johnson*, and in doing so, he argues that *Johnson* restarted the one-year limitation period pursuant to § 2255(f)(3). At least six judges in the Eastern and Western Districts of Virginia have rejected this argument and dismissed as untimely *Johnson*-related challenges resulting from § 924(c) convictions. *See Gray v. United States*, Nos. 1:08–cr–00213–GBL–2, 1:16–cv–00606, 2017 WL 6759614, at *3 (E.D. Va. Sept. 12, 2017) (citing four other Eastern District of Virginia judges that have dismissed these challenges as untimely and also holding the same); *United States v. Shifflett*, No. 5:14–cr–00007, 2017 WL 2695272, at *2–3 (W.D. Va. June 21, 2017). This Court agrees and rejects McClammy's argument.

---

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[5] The United States Court of Appeals for the Fourth Circuit has yet to decide whether *Johnson* applies to invalidate the residual clause of § 924(c) due to vagueness. Nevertheless, the weight of authority from other courts of appeal indicates that *Johnson* does not apply to or invalidate the residual clause of 18 U.S.C. § 924(c). *See, e.g., United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 140–41 (3d Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 446, 466 (9th Cir. 2016); *United States v. Moreno*, 665 F. App'x 678, 681 (10th Cir. 2016). The Court need not decide that issue here, however, because McClammy's attempts to amend are untimely.

McClammy was convicted of aiding and abetting brandishing a firearm during the commission of a crime of violence, to wit, conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 924(c). McClammy's argument—that the residual clause of § 924(c) is unconstitutionally vague—simply was not a rule announced in *Johnson*. Rather, the Supreme Court's holding in *Johnson* only addressed the residual clause of ACCA. As the Fourth Circuit has observed, although "the Supreme Court held unconstitutionally vague the [residual clause in ACCA], . . . the [Supreme] Court had no occasion to review . . . the residual clause [of § 924(c)]." *United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015). Thus, McClammy's contention that § 924(c)'s residual clause is unconstitutionally vague was not a right announced by the Supreme Court in *Johnson*. Accordingly, McClammy's motions for leave to amend must be denied as futile because the claim therein is time barred.

### III. CONCLUSION

For the foregoing reasons, McClammy's Motion to Amend (ECF No. 42), Pro se Motion to Amend (ECF No. 43), and Motion for Leave to File (ECF No. 44) will be denied as futile. The Government's Motion to Dismiss (ECF No. 45) will be granted. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Final Order shall issue.

/s/
HENRY E. HUDSON
Date: July 17, 2018
SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia