IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA          )
                                  )
v.                                )          Criminal No. 3:14CR04–HEH
                                  )
CARLOS McCLAMMY,                  )
                                  )
          Petitioner.             )

## MEMORANDUM OPINION
### (Denying § 2255 Motion)

Carlos McClammy, a federal inmate proceeding *pro se*, submitted this motion

under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion,"

ECF No. 33).[1]  The matter is before the Court on the remand from the United States

Court of Appeals for the Fourth Circuit.  Both parties have filed briefs in accordance with

the Court's directives.  For the reasons stated below, the § 2255 Motion will be denied

with respect to McClammy's claim pursuant to *Johnson v. United States*, 576 U.S. 591

(2015).

## I.      PROCEDURAL HISTORY

On October 16, 2013, a Criminal Complaint was filed, charging McClammy with

one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of

brandishing a firearm during the commission of a felony, in violation of 18 U.S.C.

---

[1] The Court employs the pagination assigned to McClammy's submissions by the CM/ECF
docketing system.  The Court corrects the capitalization in the quotations from McClammy's
submissions.

§ 924(c). (Criminal Compl. 1, ECF No. 1.)  On January 16, 2014, the Government filed a Criminal Information, charging McClammy with one count of conspiracy to obstruct, delay, and affect commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act robbery") (Count One); aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count Two); aiding and abetting the brandishing of a firearm in furtherance of a crime of violence, to wit: the conduct charged in Count Two, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three); and aiding and abetting the discharge of a firearm in furtherance of a crime of violence, "to wit: Conspiracy to Obstruct, Delay, and Affect Commerce by Robbery . . . as charged in Count One, Overt Act 6 of this criminal information,"[2] in violation of 18 U.S.C. §§ 924(c) and 2 (Count Four).  (Criminal Information 1–5, ECF No. 14.)[3]

On January 28, 2014, McClammy entered into a Plea Agreement in which he agreed to plead guilty to the four charges contained in the Criminal Information.  (Plea Agreement ¶ 1, ECF No. 18.)  On May 1, 2014, the Court entered judgment against McClammy and sentenced him to 432 months of incarceration.  (J. 2, ECF No. 27.) Specifically, the Court sentenced McClammy to twelve months on each of Counts One and Two, to be served concurrently; 300 months on Count Three, to be served

---

[2] The Criminal Information specified Overt Act 6 as follows: "On or about July 10, 2012, McCLAMMY aided and abetted two other known co-conspirators in the armed robbery of the Chartway Federal Credit Union, located at 3841 Holland Road, Virginia Beach, Virginia, and stole approximately $3,666.00 in United States currency that was in the bank's care, custody, and control." (Criminal Information 3–4.)

[3] A slight discrepancy exists between the caption and the description of the offense in the body of the Criminal Information.  The Court utilizes the description of the offense as listed under each count in the body of the offense.

consecutively; and 120 months on Count Four, to be served consecutively. (*Id.*) McClammy did not appeal.

Subsequently, McClammy submitted this § 2255 Motion. By Memorandum Opinion and Order entered on September 16, 2016, the Court denied McClammy's § 2255 Motion, dismissed McClammy's claims contained therein, and took several later filed motions to amend under advisement. (ECF Nos. 48, 49.) In his Motion to Amend (ECF No. 42) and Pro Se Motion to Amend (ECF No. 43), McClammy sought leave to assert a claim that his "conviction under 18 U.S.C. § 924(c) in Count Four must be vacated in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015)." (Mot. Amend 1; *see also* Pro Se Mot. Amend 1–3.) McClammy argued that after *Johnson*, the offense of conspiracy to commit Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Count Four must be vacated. ("*Johnson* Claim") (ECF No. 42–1, at 2–3.)

By Memorandum Opinion and Order entered on July 17, 2018, following then prevailing law, the Court denied the motions to amend as untimely and therefore futile. McClammy appealed. (ECF No. 54.) On April 5, 2019, the United States Court of Appeals for the Fourth Circuit placed the appeal in abeyance pending a decision by the United States Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019). (ECF No. 58.) On February 5, 2020, after the decision in *Davis*, the Fourth Circuit "grant[ed] a certificate of appealability on the issue of whether, in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), the district court erred in denying the motions to amend by determining McClammy's challenge to his 18 U.S.C. § 924(c) (2018) conviction in

3

Count 4 was untimely." (ECF No. 59, at 1.)  By Order entered on April 16, 2020, the

Fourth Circuit vacated the July 17, 2018 Memorandum Opinion and Order and remanded

the matter to this Court.  The Fourth Circuit noted as follows:

> The Government now elects to waive its timeliness challenge to McClammy's claim but suggests that we can affirm on the alternative ground that amendment would be futile because McClammy's vagueness challenge in Count 4 is procedurally defaulted.  McClammy disputes that his claim is futile and contends that remand to the district court is necessary for the development of the record.
>
> "[M]indful that we are a court of review, not of first view," *Lovelace v. Lee*, 472 F.3d 174, 203 (4th Cir. 2006) (internal quotation marks omitted), we vacate the district court's order and remand for further proceedings.  We express no opinion on the ultimate resolution of McClammy's *Davis* claims.

(ECF No. 60 at 2 (alteration in original).)  The parties have briefed the matter.  The United

States insists that Count Four remains a valid conviction, and this Court agrees.

## II.    ANALYSIS

In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held "that

imposing an increased sentence under the residual clause of the Armed Career Criminal

Act [("ACCA")] violates the Constitution's guarantee of due process." *Id.* at 606.[4]  The

*Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C.

---

[4] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1).  Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

§ 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the

clause encompassed "conduct that presents a serious potential risk of physical injury to

another," which defied clear definition. *Id.* at 596–97 (citation omitted). Subsequently,

in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson*

announced a substantive rule [of law] that has retroactive effect in cases on collateral

review." *Id.* at 1268.

McClammy asserts that after *Johnson*, conspiracy to commit Hobbs Act robbery

can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and, thus, his

conviction for Count Four—that was based on the Hobbs Act robbery count—must be

vacated. As explained below, neither *Davis* nor *United States v. Simms*, 914 F.3d 229

(4th Cir. 2019), invalidate McClammy's conviction.

### A.   Conspiracy to Commit Hobbs Act Robbery Cannot Serve As a Valid Predicate Crime of Violence for a § 924(c) Charge

18 U.S.C. § 924(c)(1)(A) provides for consecutive periods of imprisonment when

a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline

additional period of imprisonment is 5 years. 18 U.S.C. § 924(c)(1)(A)(i). If the

defendant brandishes the firearm, the additional period of imprisonment increases to at

least 7 years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the

additional period of imprisonment increases to at least 10 years. *Id.* § 924(c)(1)(A)(iii).

At the time of McClammy's convictions, the United States could demonstrate that

an underlying offense constitutes a crime of violence if it established that the offense is a

felony and satisfies one of two requirements. Namely, the statute defined a crime of

violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or

> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the Residual Clause. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) ("[Section] 924(c)(3)(B) is unconstitutionally vague.").

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do . . . ." 18 U.S.C. § 1951(a). That statute defines "robbery" as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1). The Fourth Circuit recently determined that conspiracy to commit Hobbs Act robbery fails to satisfy the Force Clause. *See United States v. Simms*, 914 F.3d 229 (4th Cir. 2019).

In *Simms*, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not

be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). 914 F.3d at 232–33.

Initially, the parties and the Fourth Circuit agreed that,

> [C]onspiracy to commit Hobbs Act robbery [] does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

*Id.* at 233–34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit

concluded that the Residual Clause of § 924(c) is void for vagueness. *Id.* at 236; *accord*

*Davis*, 139 S. Ct. at 2336.

In the wake of *Davis* and *Simms*, McClammy argues that conspiracy to commit

Hobbs Act robbery cannot serve as a valid predicate crime of violence for a § 924(c)

charge and contends that the conviction for Count Four and the corresponding 120-month

sentence should be vacated. As discussed below, although Hobbs Act robbery can no

longer serve as a valid predicate for a § 924(c) conviction, McClammy's § 924(c)

conviction in Count Four was based on a substantive offense of bank robbery.

## B.   McClammy's Conviction Remains Valid

The Government argues that

> Count Four specifically identified overt act 6 of the conspiracy, a July 10, 2012 completed bank robbery, as the predicate crime of violence. Dk. No. 14 at 3–5. That this robbery was described as an overt act of the conspiracy in Count One and re-alleged in the prefatory language of Count Four does not render Count Four's predicate invalid. As a result, defendant's § 2255 *Davis* claim must fail.

> . . . .

7

> In sum, when defendant pleaded guilty to Counts One and Four, he pleaded guilty to both a conspiracy to commit Hobbs Act robbery and to a § 924(c) offense predicated on a completed bank robbery during which he discharged a firearm. *See United States v. Langley*, No. 3:11–cr–212, 2019 WL 6337416 (E.D. Va. Nov. 26, 2019) (finding § 924(c) offense valid based on a predicate overt act of a conspiracy). As the Fourth Circuit recently confirmed, completed bank robbery is a force-clause crime. *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016). Accordingly, defendant's conviction on Count Four remains valid after *Davis* . . . .

(ECF No. 64, 7–9.) The Government's assessment is correct.

The Criminal Information charged McClammy as follows with respect to Count Four:

> On or about July 10 2012, in the Eastern District of Virginia, defendant, CARLOS McCLAMMY, aiding and abetting another, did knowingly possess, brandish, and discharge a firearm in furtherance of the commission of a crime of violence for which the defendant may be prosecuted in a court of the United States, to wit: Conspiracy to Obstruct, Delay, and Affect Commerce by Robbery, in violation of Title 18, United States Code, 1951(a), **as charged in Count One, Overt Act 6 of this criminal information**, which is re-alleged as if fully set forth and incorporated by reference herein.

(ECF No. 14, at 5 (emphasis added).) Thus, unlike a situation where the § 924 firearm charge only alleged that the firearm was used or carried during and in relation to conspiracy to commit Hobbs Act robbery, here, Count Four was predicated on a specific substantive bank robbery offense. The specific robbery was of Chartway Federal Credit Union on July 10, 2012. (*See id.* at 3–4.) As the Government correctly asserts, bank robbery remains a qualifying crime of violence under the Force Clause. *McNeal*, 818 F.3d at 157 ("[W]e are satisfied that bank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause.") Thus, Count Four remains a valid

conviction even after *Davis* and *Simms*.  Accordingly, McClammy's *Johnson* claim lacks merit.

### III. CONCLUSION

Count Four remains a valid conviction even after *Davis* and *Simms*.  Accordingly, McClammy's *Johnson* claim lacks merit and will be dismissed.  The § 2255 Motion will be denied and the action will be dismissed.  A certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: **Feb. 26, 2021**
Richmond, Virginia